IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES M. DUNYAN,                    :
                                    :
          Plaintiff,                :
                                    :  Civil Action No.
     vs.                            :  1:16-CV-2103
                                    :
PENNSYLVANIA DEPARTMENT OF          :  (Honorable Yvette Kane)
CORRECTIONS, et al.,                :
                                    :
          Defendants.               :

**PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff James Dunyan ("Plaintiff"), through counsel hereby petitions the Court pursuant to Fed. R. Civ P. 54(d)(2) and the Court's Order dated September 28, 2017 for an Order directing Defendant Pennsylvania Department of Corrections ("DOC") to pay Plaintiff's attorneys' fees and costs in the amount of $13,464.97 and in support thereof state as follows:

1. On October 19, 2016 Plaintiff filed a Pro se Complaint against all Defendants. The Complaint alleged that while in the custody of the DOC, under its medical cataract policy known as the "One Good Policy", he was denied necessary surgical treatment to repair a cataract.

He was denied this treatment despite the serious medical
need for same under the above mentioned "One Good Eye
Policy."  He claimed that this denial of medical
treatment violated his rights under the Americans With
Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq.; § 504
of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and
the Eighth Amendment of the United States Constitution.
Plaintiff's Complaint sought monetary damages, a
Declaratory Judgment finding that the DOC's policy
violated the ADA, the Rehabilitation Act and the Eighth
Amendment, as well as injunctive relief providing
medically necessary and appropriate treatment.

     2.  On February 7, 2017 Stephen T. O'Hanlon entered
his appearance on behalf of Plaintiff's James Dunyan.  On
that same day Mr. O'Hanlon filed a motion to allow the
appearance of Patrick Geckle pro hac vice.  On February
26, 2017 counsel filed a brief in opposition to motions
to dismiss which had been filed on behalf of Defendant
Wexford Health Sources, Inc. and their employees as well
as a response to the motion to dismiss filed by Defendant
Correct Care Solutions, Inc. on behalf of themselves and

their employees.  Plaintiff's counsel has continued to
perform substantive work on this case from February 27,
2017 through the present, including but not limited to
drafting their responses to Defendants' motion to dismiss
as well as preparation for and attending at the mediation
before the Honorable Martin J. Carlson on August 28,
2017.[1]  See Declarations of Patrick G. Geckle and Stephen
T. O'Hanlon and their accompanying exhibits collectively
attached hereto as Exhibit 1 and 2.

  3.   The Parties have agreed to settle this case.
More specifically, the DOC Defendants have agreed to pay
Plaintiff the sum of $10,000.00 in settlement of his
claims.  In addition, in August of this year Plaintiff
did receive surgery to his left eye.  It was the denial
of that surgery which formed the gravaman of his
Complaint.  However, the Parties did not make an
agreement on attorneys' fees.

  4.   As this settlement has affected a change in the

---

[1] Plaintiff's counsel herein acknowledge they derived
immense benefit from the pleadings filed in Hollihan v. DOC, et
al., 15-0005 (M.D. Pa).  The work of the attorneys involved in
the Hollihan matter resulted in substantial saving of time.

parties legal relationship, Plaintiff is the prevailing party in this matter and is entitled to an award of attorneys' fees and costs under 42 U.S.C. § 12205 and 29 U.S.C. § 749a.

5. The requested fees and costs are fair and reasonable given the experience and qualification of Plaintiff's counsel and the compensable nature of the work that counsel preformed. See Declaration of Patrick Geckle and Declaration of Stephen T. O'Hanlon and their accompanying exhibits collectively attached as Exhibit 1 and 2.

WHEREFORE, for the above reasons and for the reasons set forth in the attached brief, which is incorporated wherein by reference, Plaintiff requests that the Court grant the Petition and enter the foregoing proposed Order directing Defendant DOC to pay Plaintiff's attorneys' fees and costs.

4

Respectfully submitted,

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No. PA 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA  19102
(215) 735-3326 - telephone
E-Mail: pgeckle@pgglaw.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. DUNYAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| vs. | : | 1:16-CV-2103 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | (Honorable Yvette Kane) |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF PETITION FOR ATTORNEY'S FEES AND COSTS

Under 42 U.S.C. § 12205 and 29 U.S.C. § 794a, the court "may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs" for an action commenced pursuant to the American Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Plaintiff, James M. Dunyan ("Plaintiff"), as the prevailing party in this action under 42 U.S.C. § 12205, seeks an Order directing Defendant Pennsylvania Department of Corrections ("DOC") to pay Plaintiff's

attorneys' fees and costs in the amount of $13,464.97.
For the reasons set forth below, this Court should grant
Plaintiff's Order.[2]

**FACTS**

On October 19, 2016 Plaintiff James Dunyan filed his
Complaint, Pro se, wherein he presented a legal challenge
to a Department of Corrections medical policy which
denied necessary surgical treatment to inmates with a
severe eye disease in one eye so long as the other eye
provided some modicum of vision that the DOC claimed to
be adequate.  Plaintiff claimed that this policy was a

---

[2] "Congress...has authorized the award of attorney's fees to
the 'prevailing party' in numerous statutes in addition to the
[ADA and the Rehabilitation Act], such as the Civil Rights Act of
1964, 78 Stat. 259, 42 U.S.C. § 2000e-5(k), the Voting Rights Act
Amendments of 1975, 89 Stat. 402, 42 U.S.C. § 1973(e), and the
Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641,
42 U.S.C. § 1988." Buckhannon Bd. & Care Home v. W.Va. Dep't of
Health & Human Res., 532 U.S. 598 (2001).  "[The Supreme Court]
has interpreted these fee-shifting provisions consistently, See
Hensley v. Eckhart, 461 U.S. 424, 433, n.7, 76 L.Ed.2d 40, 103
S.Ct. 1993 (1983)..." Id. at n.4.  See also Ward v. Phila.
Parking Auth., 2015 U.S. Dist., LEXIS 6543, *6 (E.D.P.A. Jan. 21,
2015)("The standard for awarding attorney's fees under the ADA or
Rehabilitation Act is the same as a claim under the Civil Rights
Act of 1964, 42 U.S.C. § 1988."(citing Hensley, 461 U.S. 424, 433
n.7)(explaining that the standards for interpreting the fee-
shifting provision of 42 U.S.C. § 1988 are "generally applicable
in all cases in which Congress has authorized an award of fees to
a 'prevailing party.'")).  Thus, any authority cited in this brief
pertaining to any of the statutes above applies with equal force
to the ADA and Rehabilitation Act.

violation of his rights under the ADA, the Rehabilitation
Act, and the Eighth Amendment of the United States
Constitution.  Plaintiff's Complaint sought monetary
damages, a Declaratory Judgment finding that the DOC's
policy violated the ADA, the Rehabilitation Act, and the
Eight Amendment, as well as a claim for injunctive relief
requesting that he be given medically necessary treatment
for his cataract disease.

Stephen T. O'Hanlon, Esquire, entered his appearance
on behalf of Mr. Dunyan on February 7, 2017.  On the same
day Patrick Geckle filed a motion to appear pro hac vice.
Thereafter, counsel performed substantive work on this
case from February 7, 2017 through the present, including
but not limited to responding to a motion to dismiss by
Defendant Wexford Health Sources, Inc., a motion to
dismiss filed on behalf of Defendant Correct Care
Solutions, Inc., and most recently attending a mediation
before the Honorable Martin J. Carlson.

The Parties agreed to settle the case as a result of
the efforts of Judge Carlson with an agreement to pay
Plaintiff damages in the amount of $10,000.00 but did not

make an agreement on attorney's fees and have not as yet executed a settlement agreement.

Plaintiff James Dunyan has achieved the relief he sought in filing his Complaint. More specifically, in August of this year Plaintiff, did finally, receive surgery to repair a cataract in his right eye. Further, Plaintiff has now also achieved monetary relief.

Plaintiff, as a prevailing party, now seeks reasonable attorneys' fees and costs under the ADA and the Rehabilitation Act.

**ARGUMENT**

## I. __Plaintiff is a Prevailing Party.__

As the Third Circuit recognizes, "it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances." Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 163 (3d Cir. 2002)(noting that the Supreme Court has given a "generous formulation" to the term "prevailing party"). "Prevailing parties" are those who "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

9

Hensley, 461 U.S. at 433.  A key consideration is whether
there is a "material alteration of the legal relationship
of the parties."  Truesdell, 290 F.3d at 163 (citations
omitted).  The plaintiff must prove "the settling of some
dispute which affects the behavior of the defendant
towards the plaintiff."  Farrar v. Hobby, 506 U.S. 103,
110 (1980)(citation omitted).  "Regardless of how
substantial their success, if plaintiffs succeeded on a
significant issue they are entitled to prevailing party
status."  P.N. v. Clementon Bd. of Educ., 442 F.3d 848,
856 (3d Cir. 2006).

A plaintiff who prevails through settlement has the
same claim for fees as if he prevailed through further
litigation.  See e.g., Maher v. Gagne, 448 U.S. 122, 129
(1980)("The fact that respondent prevailed through a
settlement rather than through litigation does not weaken
her claim to fees."); Buckhannon, 532 U.S. at 604
(defendant need not admit liability or to be found liable
for plaintiff to "prevail" for purposes of fee shifting
provisions); Farrar, 506 U.S. at 111 ("The plaintiff must
obtain an enforceable judgment against the defendant from

10

whom fees are sought, *or comparable relief through a consent decree or settlement.*")(internal citations omitted)(emphasis added)); <u>Ward v. Phila. Parking Auth.</u>, 634 F. Appx. 901, 905 (3d Cir. 2015)("[T]he Supreme Court has repeatedly explained that plaintiffs need not prevail on the merits of their claims under the fee shifting statute to recover attorneys' fees.")[3]

"If the relief obtained is 'of the same general type' as the relief demanded in the complaint, a [settling] plaintiff may be considered to be a 'prevailing party.'" <u>Lyte v. Sara Lee Corp.</u>, 950 F.2d 101, 104 (2d Cir. 1991)(citing <u>Koster</u>, 903 F.2d at 134); see also <u>Ward</u>, 634 Fed. Appx. At 904, n.16 ("[P]laintiffs can be prevailing parties 'even though the relief they

---

[3] The Supreme Court has explained:
> A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment-e.g., a monetary settlement or a change in conduct that redresses the plaintiffs' grievances.  When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor.

<u>Hewitt v. Helms</u>, 482 U.S. 755, 760-61 (1987).  See also <u>Koster v. Perales</u>, 803 F.2d 131 (2d Cir. 1990)("[R]elief need not be judicially decreed in order to justify a fee award under § 1988.")

obtained is not identical to the relief they specifically
demanded, as long as the relief obtained is of the same
general type.'")(quoting _Institutionalized Juveniles v._
_Sec'y of Pub. Welfare_, 758 F.2d 897, 912 (3d Cir. 1985)).
Courts have found a party to be a "prevailing party"
where the settlement agreement obtained the injunctive
relief plaintiff sought in the complaint.[4]  Courts have
also found this element to be satisfied where the
settlement agreement required defendant to pay money to
the plaintiff.[5]

   "[T]he material alteration of the legal relationship
between the parties requires a 'judicial _imprimatur_ on

---

[4] See e.g., <u>Koster</u>, 903 F.2d at 135 (finding that plaintiffs
"obtained the relief contemplated at the outset of the
litigation" where plaintiff sought injunctive relief requiring
the State to provide emergency shelter to families and the
settlement agreement required such shelter); <u>Ward</u>, 634 Fed.Appx.
at 904 (finding that plaintiffs were the prevailing party where
their complaint sought to increase the number of wheelchair
accessible taxicabs and the parties' consent decree required such
an increase); see also <u>Hewitt</u>, 482 U.S. at 761 ("[I]n a
declaratory judgment action; if the defendant, under pressure of
the lawsuit, alters his conduct (or threatened conduct) towards
the plaintiff that was the basis for the suit, the plaintiff will
prevail.")

[5] See <u>Lyte</u>, 950 F.2d at 104 (finding that plaintiff was a
prevailing party where he sought damages in his complaint and
received "a not insubstantial amount of $9,500 under the
settlement agreement; such a settlement was not "de minimis" or
"merely 'technical.'")

the change.'"   Raab v. City of Ocean City, 833 F.3d 286,

293 (3d Cir. 2016)(citing Buckhannon, 532 U.S. at 605).

"Key to this determination is whether the change is

enforceable or 'judicially sanctioned' by the Court." Id.

This Court and others have found this requirement

satisfied where the court retained ancillary jurisdiction

to enforce the terms of the settlement agreement.  See

e.g. Raab, 833 F.3d at 294 (holding that "a district

court's retaining ancillary jurisdiction over the

settlement agreement or incorporating the terms of the

settlement agreement in the order of dismissal confers

the judicial imprimatur that is required to become a

prevailing party under section 1988."); Roberson v.

Giuliani, 346 F.3d 75, 77 (2d Cir. 2003)(holding the

district court's retention of jurisdiction over the

parties' settlement agreement "carried sufficient

judicial approval" over the agreement to support an award

of attorneys' fees); Am. Disability Ass'n v. Chmielarz,

289 F.3d 1315, 1320 (11th Cir. 2002)(holding when a

district court incorporates the terms of the settlement

into its dismissal order or expressly retains

13

jurisdiction to enforce the settlement, it may thereafter enforce the settlement, which is the "functional equivalent of a consent decree" and is sufficient to confer "prevailing party" status).

In this case, Plaintiff has succeeded on significant issues that entitle him to attorneys' fees.

These provisions of the settlement provide Plaintiff with "the same general type of relief" he sought to achieve in his Complaint. Specifically, Plaintiff sought "injunctive relief ordering cataract surgery." Complaint, Relief Demanded ¶2.

Moreover, Plaintiff sought compensatory damages in his Complaint, id, at ¶4, and he will receive a monetary payment under the settlement in the amount of $10,000.00. As the settlement here "modif[ies] the defendant's behavior in a way that directly benefits the plaintiff," it is clear that the agreement materially alters the relationship between the parties. Farrar, 506 U.S. at 111-12.

The settlement here is also judicially sanctioned. The Court was also heavily involved in assisting the

14

parties with their settlement negotiations.  The Court
*sua sponte* entered an Order dismissing this case a day
after the September 28, 2017 mediation, but maintains
authority to reinstate the action if settlement is not
consummated.  See Docket Entry No. 53, filed September
28, 2017.

Given that Plaintiff is a "prevailing party," this
Court should award attorneys' fees in accordance with 42
U.S.C. § 12205 and 29 U.S.C. § 794a.

## II.  **Plaintiff Seeks a Reasonable Fee.**

The appropriate amount of fees to award is
determined by the recognized "lodestar" method,
"multiplying the number of hours reasonably expended on
the litigation times a reasonable hourly rate."  Blum v.
Stenson, 465 U.S. 886, 888 (1984).  "The lodestar figure
roughly approximates that fee that the prevailing
attorney would have received if he or she had been
representing a paying client who was billed by the hour
in a comparable case and is therefore a presumptively
reasonable fee."  Kelly v. Wengler, 822 F.3d 1085, 1099
(9th Cir. 2016)(internal quotations and citation

15

omitted).  "A 'strong presumption' exists that the
lodestar figure 'represents a reasonable fee.'"  Reynolds
v. Goord, 2001 U.S. Dist. LEXIS 1203, *4(S.D.N.Y. Feb.
13, 2001)(citing Quaratino v. Tiffany & Co., 166 F.3d
422, 425 (2d Cir. 1999)).

     "Generally, a reasonable hourly rate is calculated
according to the prevailing market rates in the
community."  Lewis v. Smith, 2010 U.S. App. LEXIS 27606,
*23 (3d Cir. July 28, 2010).  In determining the
reasonableness of an attorney's rate, the court should
consider the experience and skill of the attorney and
compare the attorney's rates to the rates prevailing in
the community for similar services by lawyers of
reasonably comparable skill, experience, and reputation.
Warner v. Township of South Harrison, 2013 U.S. Dist.
LEXIS 90411, *18 (D.N.J. 2013).  "Compensable activities
include the preparation of filing the lawsuit, background
research, productive attorney discussions and strategy
sessions, negotiations, routine activities such as making
telephone calls and reading mail related to the case,
monitoring and enforcing a favorable judgment, and travel

among other things."   Id. at *30.

The Plaintiff has been represented in this
litigation by Patrick G. Geckle, Esquire, and Stephen T.
O'Hanlon, Esquire.   The fees for each attorney calculated
using the lodestar method are as follows:   Patrick Geckle
$11,704.97 and Stephen T. O'Hanlon $1,760.00.

Plaintiff therefore requests that the Court order
the DOC to pay to Plaintiff's attorneys' fees and costs
in the amount of $13,464.97.   These requested fees are
fair and reasonable given the experience and
qualifications of Plaintiffs' counsel and the
"compensable" nature of the work that counsel performed.
See Declarations of Patrick G. Geckle and Stepehen T.
O'Hanlon, and the exhibits attached thereto, as Exhibit 1
and Exhibit 2 to Plaintiff's Petition for Attorneys' Fees
and Costs.

## III.   The Prison Litigation Reform Act (PLRA) Fee Caps Do Not Apply.

Under 42 U.S.C. § 1997e(d), the Prison Litigation
Reform Act (PLRA) restricts the amount of attorneys' fees
that an incarcerated prisoner can receive under 42 U.S.C.
§ 1988, which provides attorneys' fees for cases brought

pursuant to 42 U.S.C. § 1983. While Plaintiff asserted a § 1983 claim in this case, Plaintiff does not seek attorneys' fees under § 1988. As specified above, Plaintiff seeks attorneys' fees pursuant to the ADA and the Rehabilitation Act, which are not limited by the PLRA. See e.g., <u>Armstrong v. Davis</u>, 318 F.3d 965, 974 (9th Cir. 2003)(holding that fees in suits enforcing the ADA and the Rehabilitation Act are not limited by the PLRA because these statutes have fee provisions separate from § 1988); <u>Henderson v. Thomas</u>, 2013 U.S. Dist. LEXIS 140098, *28 (M.D. Ala. Sept. 30, 2013)(stating that since counsel sought fees pursuant to the ADA and Rehabilitation Act, "their fees are not limited by the PLRA's restriction on hourly rates for prison litigation..."); <u>Dunn v. Dunn</u>, 2016 U.S. Dist. LEXIS 122112, *88 (M.D. Ala. Sept. 9, 2016)(same).

Each of Plaintiff's claims here, including those under ADA and Rehabilitation Act, were based upon a common set of facts-i.e., the DOC's application of the One Good Eye Policy.[6] Plaintiff has prevailed by

---

[6] Here, counsel's time was devoted to "the litigation as a whole, making it difficult to divide the hours expended on a

eliminating the One Good Eye Policy and creating the New
Cataract Policy.

For the foregoing reasons, Plaintiff requests the
Court to grant this Petition for attorneys' fees and
costs in the amount of $13,467.97.  Additionally, we
reserve the right to file additional petitions for
attorneys' fees and costs related to continued work inthe
litigation of this matter.

Respectfully submitted,

**PATRICK G. GECKLE, LLC**

By: _____

Patrick G. Geckle
Attorney ID No. PA 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA  19102
(215) 735-3326 - telephone
E-Mail: pgeckle@pgglaw.com

Counsel for Plaintiff

---

claim-by-claim basis.  Such a lawsuit cannot be viewed as a
series of discrete claims... Where a plaintiff has obtained
excellent results, his attorney should recover a full
compensatory fee."  Hensley, 461 U.S. at 435; see also Armstrong,
318 F.3d at 974-75 (upholding district court's decision not to
apply PLRA cap to plaintiff's ADA and Rehabilitation Act claims).